IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,348




EX PARTE WENDY DUNBAR, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 96-08-01004-CR-A(1) IN THE 410TH JUDICIAL DISTRICT COURT
FROM MONTGOMERY COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to indecency with
a child and received ten years’ deferred adjudication community supervision. Her guilt was later
adjudicated, and she was sentenced to four years’ imprisonment. At the time of her adjudication,
the trial court indicated that it would consider putting Applicant on “shock” probation if she served
180 days in prison without problems.
            After serving 180 days in prison, Applicant was brought back to the trial court and granted
shock probation. The State appealed on the basis that Applicant was ineligible for shock probation
due to the nature of the offense. The court of appeals vacated the community supervision order and
reinstated the four-year prison term. State v. Dunbar, No. 96-08-104-CR (Tex. App. – Beaumont,
October 15, 2008). This Court affirmed the court of appeals’ decision on petition for discretionary
review. State v. Dunbar, No. PD-1713-08 (Tex. Crim. App. 2009).
            Applicant contends that her plea of “true” and her waiver of a hearing at adjudication were
involuntary because the plea agreement cannot be followed, and also alleges that she was denied due
process in the adjudication and sentencing because the parties mistakenly believed that she was
eligible for shock probation. 
            The trial court has determined, inter alia, that due to the totality of the circumstances
surrounding Applicant’s plea of true, and subsequent conviction and sentence, her federal and state
rights to due process and due course of law have been violated. Applicant is entitled to relief.             Relief is granted. The judgment adjudicating Applicant guilty in Cause No. 96-08-01004-CR-A in the 410th Judicial District Court of Montgomery County is set aside, and Applicant is
remanded to the custody of the Sheriff of Montgomery County to answer the allegations in the
State’s motion to proceed to adjudication.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: May 12, 2010
Do Not Publish